James S. HUDSON, et al, Appellants,

v.

ARKANSAS LOUISIANA GAS COMPANY, Appellee.

No. 8928.

Court of Appeals of Texas, Texarkana.

Nov. 24, 1981.

Rehearing Denied Dec. 22, 1981.

James E. Hudson, Jr., James E. Davis, Texarkana, Ark., for appellants.

Howard Waldrop, Atchley, Russell, Waldrop & Hlavinka, Texarkana, for appellee.

HUTCHINSON, Justice.

This is an appeal from the granting of a summary judgment.

Appellant, James S. Hudson, Sr., filed this suit on October 16, 1978, alleging a continuing trespass by appellee, Arkansas Louisiana Gas Company (Arkla), and praying for injunctive relief as well as for both compensatory and punitive damages. On January 21, 1980, by an amended petition, Dorothy C. Hudson, James S. Hudson, Jr. and Hudson Seed House, Incorporated, were made party plaintiffs along with James S. Hudson, Sr.

In 1940 Arkla laid a major gas line under certain tracts of land located in the Factory Heights Addition of Texarkana, Texas. Hudson, Sr. acquired one of the Factory Heights tracts here involved in 1955 and he and his wife, Dorothy C. Hudson, acquired the other involved contiguous tracts in 1967. Hudson Seed House, Incorporated, a corporation owned by Mr. and Mrs. Hudson, Sr., and their son, James S. Hudson, Jr., leases these tracts of land, owns some buildings and improvements thereon and has done business there for a number of years.

In 1977, appellants decided to expand their business and entered into a number of contracts to buy soybeans from area farmers and decided to construct two new storage tanks on the Factory Heights property to accommodate the extra beans. On July 26, 1977, the contractor hired to build and install the tanks discovered the underground Arkla pipeline. Appellants assert

that because of the pipeline they were unable to install the tanks where planned and were forced to acquire another but less convenient site to locate the tanks and that the delay caused a financial loss in the venture. A decrease in the value of the Factory Heights property was also alleged. Appellants insisted that neither they nor their predecessors in title had any knowledge of the location of the gas line and that no easement had ever been granted to or acquired by Arkla.

Arkla by its defense claimed, alternatively: 1) that the two-year statute of limitations applicable to trespass actions had run; 2) that it held a prescriptive easement for the pipeline; and 3) that the pipeline was constructed beneath a public street under a franchise agreement between Arkla and the City of Texarkana.

Arkla moved for a complete summary judgment upon the merits of its limitation plea and alternatively for judgment as regarding the three new plaintiffs and for a partial summary judgment on the issue of exemplary damages.

Arkla was granted a complete summary judgment on the basis of its two-year limitation defense and alternatively a partial summary judgment on the exemplary damage issue.

■■■ Motions for summary judgment are controlled by Tex.R.Civ.P. 166–A. In order to prevail under this rule, the movant must establish that no material fact issue exists and that he is entitled to judgment as a matter of law. *Swilley v. Hughes,* 488 S.W.2d 64 (Tex.1972). Since Arkla moved for the summary judgment on the basis of the affirmative defense of limitations, it had to conclusively prove all the essential elements of that defense. *Swilley v. Hughes,* supra. In considering the motion for summary judgment the trial court must accept as true all the evidence which tends to support the opponent's claims and resolve all conflicts in the evidence in his favor. *Kolb v. Texas Employers' Insurance Association,* 585 S.W.2d 870 (Tex.Civ.App.-Texarkana 1979, writ ref'd n. r. e.).

The statute of limitations presented here by Arkla is Tex.Rev.Civ.Stat.Ann. art. 5526 which provides, in part, that an action for trespass for injury done to property must be commenced within two years after it accrues.

■■■ The trial court based its judgment upon that article and the appellants here do not contest its applicability and only assert that there was no probative evidence that they had knowledge of the trespass before July 26, 1977. Yet appellants in their pleadings alleged more than an injury to their land and business venture. They alleged that neither they nor a previous owner had granted an easement; that no easement had been acquired by eminent domain; that Arkla refused to move the pipeline or to purchase an easement; that the value of their land had decreased by reason of the pipeline; and sought a mandatory injunction requiring its removal or abandonment. Even though the appellants had only a single cause of action several remedies were sought and were available. See *Texas Electric Service Company v. Linebery,* 333 S.W.2d 596 (Tex.Civ.App.-El Paso 1960, no writ). The pleaded facts were sufficient to support an inverse condemnation and/or an injunction.

The Texas Constitution prohibits the appropriation of privately owned land for public use without compensation. Tex. Const. Art. I, § 17. Condemnation is the process by which private property is taken for a public use without the owner's consent but upon the payment of an adequate compensation. Inverse condemnation is an appropriate proceeding where property has been taken for public use without process or without proper condemnation proceedings and the property owner is attempting to recover compensation therefor. In the case of a "taking" of the property, the owners' right to maintain a cause of action is not barred by limitations until the expiration of the ten-year period necessary to acquire land by adverse possession under Article 5510, Tex.Rev.Civ.Stat.Ann. A cause of action for "damage" to property is governed by the two-year statute of limitations under

Tex.Rev.Civ.Stat.Ann. art. 5526. *Brazos River Authority v. City of Graham*, 163 Tex. 167, 354 S.W.2d 99 (1961); *Hubler v. City of Corpus Christi*, 564 S.W.2d 816 (Tex. Civ.App.-Corpus Christi 1978, writ ref'd n. r. e.). By granting the summary judgment upon the two-year statute of limitations the court failed to consider the limitation statute applicable to the "taking" of a portion of the appellants' land—the subsurface easement—and the continued presence of the pipeline. Appellants' allegations and the summary judgment evidence sufficiently present a question of "taking" as well as a "damage" and the ten-year statute of limitations should have been considered.

The judgment of the trial court is reversed and the cause is remanded.

BLEIL, J., not participating.