752

James P. PARKER, M.D., and Ruth B.
Parker, Appellants,

v.

L.B. McGINNES, and Dorothy
McGinnes, Appellees.

No. 01–89–00963–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 31, 1991.

Joe A. Izen, Jr., Bellaire, L.T. Bradt,
Houston, for appellants.

W.E. Verkin, Alvin, for appellees.

Before EVANS, C.J., and HUGHES
and O'CONNOR, JJ.

## OPINION

EVANS, Chief Justice.

This is a trespass to try title action involving claims of adverse possession based on the three-, 10-, and 25–year statutes of limitations. TEX.CIV.PRAC. & REM.CODE ANN. §§ 16.024, 16.026, 16.028 (Vernon 1986).

The land in controversy consists of 20 acres of land, which had been platted as two contiguous lots (nine and 10) in the Gulf Coast Development Company, First South Subdivision of Algora Orchards, a subdivision in Galveston County, Texas. There were no improvements on the two lots, which were used solely for rice farming and cattle grazing.

In September 1984, appellants, James P. Parker and wife, Ruth B. Parker, brought this action against appellees, L.B. McGinnes and wife, Dorothy McGinnes, (hereinafter McGinnes) to establish their title and right of possession to the two lots in question. The trial court granted a partial summary judgment in favor of the Parkers, awarding them title to the land, subject to the McGinnes' claims of adverse possession under the five-, ten-, and 25–year statutes of limitations. The Parkers

thereafter amended their petition to add claims of adverse possession under the three-, five- and 10–year statutes of limitations.

The case proceeded to trial before a jury, which found in favor of the McGinnes' claims based on the ten and 25–year statutes of limitations. The jury also found against the Parkers on their claim under the three-year statute of limitations. The court denied the Parkers' motion for judgment n.o.v., and for new trial, and the Parkers then filed this appeal.

In support of their motion for summary judgment, the Parkers proved an unbroken chain of record title dating back to the original patent issued by the State in 1874. The record shows that the Parkers acquired their title from one Arthur Lind under deed dated September 17, 1977; that Lind inherited the property from his sister, Hildur Lind, who died intestate on February 25, 1969; and that Hildur Lind acquired the property from Joseph A. Hespel by deed dated May 20, 1914.

In their first and third points of error, the Parkers contend the trial court erred in denying their motion for directed verdict because the evidence was legally insufficient to support the verdict for McGinnes under either the 10– or 25–year statutes of limitation. We sustain both points of error.

The McGinnes' claims of adverse possession can be divided into two successive periods of time.

## 1. First time period: 1943–1967

In 1943, V.C. McGinnes, appellee's brother, entered on the property under the authority of a rice lease from Guy I. Moore, to McGinnes' partner, R.T. Briscoe. McGinnes conducted rice farming operations on the property for three consecutive years, and then permitted the property to lie fallow the following year. Thereafter, McGinnes conducted rice farming operations on the land every third year until the mid 1950's. During the years when the land was not being farmed, McGinnes pastured his cattle, along with cattle owned by other dairymen, in a large common enclo-

sure of some 500 to 2000 acres, which included the two lots in controversy. During this period of time, the two lots were not enclosed by any fence separating them from the other lands situated within the large common enclosure.

To meet the requirements of the 10–year–statute of limitations, an adverse claimant must prove an actual and visible appropriation of the claimed land for 10 or more consecutive years. *Mallett v. Wheat,* 709 S.W.2d 768, 771 (Tex.App.—Beaumont 1986, writ ref'd n.r.e.); TEX.CIV.PRAC. & REM.CODE ANN. § 16.021 (Vernon 1986). Here, if McGinnes had conducted rice farming operations on the two lots for 10 or more consecutive years, such use would have been of a nature to satisfy the requirements of the limitation statute. *Richey v. Miller,* 142 Tex. 274, 177 S.W.2d 255, 259 (1944). However, McGinnis failed to prove that the land was farmed for any period of 10 or more consecutive years, and to the contrary the evidence conclusively shows that the land was permitted to lie fallow every fourth year during the claimed period of limitations.

Neither did McGinnis' use of the land for cattle grazing, even when combined with McGinnis' use of the land for rice farming, satisfy the limitation statute. The record conclusively shows that the lots were never "designedly enclosed" until 1967. Until that year, the lots were casually fenced with other lands within a large common enclosure. Thus, McGinnes' use during the period 1943–1967 did not satisfy the requirements of the limitations statutes. *See Rhodes v. Cahill,* 802 S.W.2d 643, 645–46 (Tex.1990).

## 2. Second time period: 1967–1984

There is evidence that appellee, L.B. McGinnes, orally leased the two lots to one T.J. Parmenter in 1961. Parmenter, that same year, constructed a fence along the west line of the two lots, which tied into existing fences that ran along the north, east, and south lines. Thus, until 1967, the two lots were not completely enclosed by a fence.

From 1967 until 1974, Parmenter used the fenced enclosure to pasture his cattle and horses. In 1974, he executed a quitclaim deed to the Parkers' covering both lots. When McGinnes learned that Parmenter had "sold out" to the Parkers, McGinnes tore down Parmenter's fence and resumed rice farming operations on the land, but there was no evidence how long such farming operations continued. Parker caused the fence to be immediately replaced, but one year later, McGinnes tore it down again. Parker immediately replaced the fences, which remained until 1980, when McGinnes tore them down once again. McGinnes finally destroyed the fences in 1984, and this suit ensued.

Parmenter's use of the property for grazing purposes did not meet the requirements of the limitations statutes until 1967, when he completely enclosed the property within a fenced enclosure. Therefore, neither Parmenter nor McGinnes used the premises for 10 or more consecutive years prior to 1974, when Parmenter left the premises.

We accordingly hold, as a matter of law, that McGinnes failed to show an actual and visible appropriation of the land in controversy for 10 or more consecutive years during the claimed period of limitations. Because McGinnis failed to meet the requirements of the 10–year statute of limitation, we also hold that he failed to meet the requirements of the particular 25–year statute of limitation upon which his claim is based.

We find there was no conflicting evidence regarding McGinnes' failure to adversely possess the property for 10 consecutive years. Accordingly, we sustain the Parkers' first and third points of error, and hold the trial court erred in overruling the Parkers' motion for a directed verdict. Because of this ruling, we need not consider: (1) the Parkers' second and fourth points of error, in which they contend the jury's verdict is against the great weight and preponderance of the evidence; (2) the Parkers' fifth point of error in which they contend that the jury's failure to find in their favor on the three-year statute of limitations issue is against the great weight and preponderance of the evidence; or (3) the Parkers' sixth point of error complaining that the trial court erred in refusing to take judicial notice of the partial summary judgment, and in refusing to allow Dr. Parker to testify about his recovery of record title pursuant to such judgment.

The judgment of the trial court is reversed and judgment is hereby rendered that appellants recover title of possession to the lands in controversy. The cause is remanded to the trial court for entry of an appropriate judgment to that effect.