Gordon M. WADDY, Appellant,

v.

The CITY OF HOUSTON, Appellee.

No. 01–90–00738–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

July 2, 1992.

Rehearing Denied Aug. 6, 1992.

William E. Mallia, Houston, for appellant.

Richard L. Anderson, Richard T. Peel, Houston, for appellee.

Before DUGGAN, WILSON and MIRABAL, JJ.

OPINION

MIRABAL, Justice.

This is an appeal from a summary judgment. We affirm.

Appellant Gordon M. Waddy (Waddy) sued the City of Houston (the City) seeking injunctive and monetary relief. Waddy's claim arose from his discovery of a city sewer line that crossed his property at 2709 Truxillo in Houston, Texas.

The City filed a motion for summary judgment asserting six grounds for relief. On the day of the hearing, Waddy filed an untimely response to the motion for summary judgment. The trial court granted the City's motion for summary judgment, without specifying the ground on which the trial court relied.

Waddy's petition, filed August 28, 1989, alleged:

1) Waddy purchased the subject property on October 5, 1979, has paid taxes on the property, and has been treated by all involved as the owner of the property.

2) The City denied him a building permit because a 42″ sewer line operated by the City for over 50 years runs diagonally across the property. The City has never secured legal right or authority to operate on the property, nor had there ever been a dedication of the property to public use.

3) The City has never paid Waddy for the use of his property to operate the sewer line.

4) The operation of the sewer line without legal authority to do so is a trespass.

5) The denial of the building permit unlawfully deprived Waddy of the use, benefit, and enjoyment of his land.

6) The City knew it lacked authority to operate the sewer line, but intentionally misled Waddy and misrepresented the facts by saying Waddy had to pay to re-route the sewer line to get a building permit.

7) Waddy gave notice of the situation to the City by letters dated May 26, 1986, February 18, 1988, and March 15, 1988.

8) Waddy, at the time he purchased the land, had no knowledge of the sewer line. He hired an attorney when the City refused the building permit and took the position Waddy had the obligation to re-route the sewer line if he wanted a building permit.

9) While deprived of his property without due process, Waddy has paid taxes and maintained the property.

10) Waddy requested an injunction requiring the City to remove the sewer line from his property, or, if the City exercised its right of eminent domain, that he be compensated for the taking of his property.

11) Waddy additionally requested damages of:

a) compensation for the time the city has illegally used his property, from October 1979 to the date of removal of the sewer line, or until he is compensated for the land taken for public use;

b) compensation for the taxes paid and maintenance done on the property;

c) damages for trespass;

d) damages for fraudulent and intentional misrepresentations;

e) reasonable attorney's fees incurred as a result of the misrepresentations by the City; and

f) attorney's fees for bringing the action.

Waddy's petition can be construed to allege a cause of action for trespass, a suit for injunctive restraint of a trespasser to force the City to remove the sewer line, and a suit for inverse condemnation. Waddy's causes of action are all grounded on his claim the City lacks authority to operate the sewer line on his property.

The City's answer alleged negligence on Waddy's part, lack of required notice, a statute of limitations bar, governmental immunity, and other defenses.

As grounds for its motion for summary judgment, the City asserted the following:

1) the statutes of limitations barred Waddy's action;

2) the Texas statute of repose, TEX.CIV. PRAC. & REM.CODE ANN. § 16.009 (Vernon 1986), barred Waddy's action;

3) an easement by adverse possession existed;

4) Waddy lacked standing to sue because the City had no record of any permit application;

5) immunity existed under the Texas Tort Claims Act because of the discretionary nature of issuing building permits; and

6) the developer who plotted the land in 1926 failed to record the easement, and is the proper defendant, along with Waddy's title company, not the City.

In his sole point of error, Waddy asserts the trial court erred because the City's asserted grounds for summary judgment are insufficient to support a summary judgment, as a matter of law.

▮ The standard for appellate review of a summary judgment for a defendant is whether the summary judgment proof establishes, as a matter of law, that there is no genuine issue of fact about one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970). The movant has the burden to show that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). Evidence favorable to the non-mov-

ant will be taken as true in deciding whether there is a disputed material fact issue that precludes summary judgment. *Id.* Every reasonable inference must be indulged in favor of the non-movant and any doubt resolved in its favor. *Id.; Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex.1984). A summary judgment for the defendant, disposing of the entire case, is proper only if, as a matter of law, the plaintiff could not succeed upon any theories pleaded. *Dodson v. Kung,* 717 S.W.2d 385, 390 (Tex.App.—Houston [14th Dist.] 1986, no writ). Once the defendant produces sufficient evidence to establish the right to a summary judgment, the plaintiff must set forth sufficient evidence to give rise to a fact issue to avoid a summary judgment. *"Moore" Burger, Inc. v. Phillips Petroleum Co.,* 492 S.W.2d 934, 936–37 (Tex.1972).

■ If a defendant moves for summary judgment based on an affirmative defense, the defendant's burden is to prove conclusively all the elements of the affirmative defense as a matter of law. *Montgomery,* 669 S.W.2d at 310–11. Unless the movant conclusively establishes the affirmative defense, the non-movant plaintiff has no burden in response to a motion for summary judgment filed on the basis of an affirmative defense. *Torres v. Western Casualty & Sur. Co.,* 457 S.W.2d 50, 52 (Tex.1970).

■ A summary judgment cannot be affirmed on any grounds not presented in the motion for summary judgment. *Hall v. Harris County Water Control and Improvement Dist. No. 50,* 683 S.W.2d 863, 867 (Tex.App.—Houston [14th Dist.] 1984, no writ). When a trial court's order does not specify the grounds relied on for its ruling, the summary judgment will be affirmed if any of the theories advanced are meritorious. *Insurance Co. of N. Am. v. Security Ins. Co.,* 790 S.W.2d 407, 410 (Tex.App.—Houston [1st Dist.] 1990, no writ).

■ This Court may only consider the evidence on file before the trial court at the time of the hearing. *Gandara v. Novasad,* 752 S.W.2d 740, 743 (Tex.App.—Corpus Christi 1988, no writ). Absent a response by the non-movant, only the legal sufficiency of the movant's evidence may be challenged on appeal. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979).

■ Waddy filed a late response to the City's motion for summary judgment, and there is nothing in the record to indicate the trial court granted leave to file it. This situation gives rise to the presumption that the trial court did not consider the response, and the appellate court, therefore, cannot consider the response. *Goswami v. Metropolitan Sav. and Loan,* 751 S.W.2d 487, 490–91 n. 1 (Tex.1988); *INA of Texas v. Bryant,* 686 S.W.2d 614, 615 (Tex.1985).

Waddy's point of error asserts that the "grounds stated by the City ... are insufficient as a matter of law to support summary judgment." Waddy complains (1) the essential elements are not identified for each of the City's grounds for summary judgment; (2) the summary judgment evidence is presented in a random manner without specifically relating it to the grounds asserted for summary judgment; and (3) the City does not conclusively prove all elements of its six grounds for summary judgment.

■ Waddy's first two complaints are directed to the form of the motion for summary judgment and supporting evidence. Waddy, however, failed to point out the alleged defects in form of the summary judgment evidence by objection in the trial court. As a result, he waived that complaint. TEX.R.CIV.P. 166a(c), (f). Further, it is not required that all the *elements* of each ground for summary judgment be specifically identified in the motion. TEX. R.CIV.P. 166a(c).

In light of Waddy's failure to timely respond to the motion for summary judgment, he is restricted on appeal in this case to a review of the sufficiency of the evidence. *State Bd. of Ins. v. Westland Film Indus.,* 705 S.W.2d 695, 696 (Tex.1986); *Clear Creek Basin Auth.,* 589 S.W.2d at 678. Because the trial court's order does not specify the grounds relied on for the ruling, if the summary judgment evidence

entitles the City to a summary judgment on any one of the grounds asserted, we must affirm. *Law v. Law,* 792 S.W.2d 150, 151 (Tex.App.—Houston [1st Dist.] 1990, writ denied); *Insurance Co. of N. Am.,* 790 S.W.2d at 410.

The summary judgment evidence presented by the City included Waddy's responses to requests for production and interrogatories stating: the sewer line had been installed in 1919, over 70 years ago; the subdivision was originally platted in 1926; the City of Houston Public Works Department maintains sewer maps showing the involved property and the sewer line running across it; Waddy, owner of the property since October 5, 1979, discovered the presence of the sewer line on August 19, 1981; he applied for a building permit that was denied in 1985; and he filed suit on August 28, 1989.

■ The City's first ground for summary judgment was that Waddy's claims were time-barred by the applicable statutes of limitations. We note that the City, in its amended answer, affirmatively plead a particular two-year statute of limitations as a bar, and did not affirmatively plead any other statute of limitations. In its motion for summary judgment, however, the City asserted that Waddy's claims were barred by "all applicable statutes of limitations." Because Waddy did not direct the trial court's attention to the absence of a pleading by the City of any statute of limitations other than the specific two year statute, any pleading defect in that regard was waived. *Roark v. Stallworth Oil and Gas, Inc.,* 813 S.W.2d 492, 495 (Tex.1991).

■ The statute of limitations for trespass to real property is two years from the date the cause of action accrues. TEX. CIV.PRAC. & REM.CODE ANN. § 16.003 (Vernon 1986). An action for trespass by permanent damage to land accrues, for limitations purposes, upon discovery of the first actionable injury. *Bayouth v. Lion Oil Co.,* 671 S.W.2d 867, 868 (Tex.1984). Even assuming, for the sake of argument, the relevant date of discovery in this case is the date *Waddy* discovered the existence of the sewer line, his cause of action for tres-

pass is barred. It is undisputed Waddy discovered the sewer line on August 19, 1981, and his building permit was denied in 1985, yet he did not file suit until August 28, 1989, after the statute of limitations had run.

■ Waddy also asserts a cause of action based on the theory of inverse condemnation. A governmental entity may take property from a private owner for public use, without the consent of the owner, upon the payment of just compensation, through the process of condemnation. *Hubler v. City of Corpus Christi,* 564 S.W.2d 816, 820 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.). Inverse condemnation occurs when property is taken for public use without process or without proper condemnation proceedings, and the property owner attempts to recover compensation therefor. *Allen v. City of Texas City,* 775 S.W.2d 863, 864 (Tex.App.—Houston [1st Dist.] 1989, writ denied). To recover under the theory of inverse condemnation, the property owner must establish that: 1) the governmental entity intentionally performed certain acts; 2) that resulted in a taking of property; 3) for public use. *City of Abilene v. Smithwick,* 721 S.W.2d 949, 951 (Tex.App.—Eastland 1986, writ ref'd n.r.e.). Whether a "taking" has occurred is a question of law. *Dupuy v. City of Waco,* 396 S.W.2d 103, 110 (Tex.1965). Access to the property must be materially and substantially impaired. *City of Waco v. Texland Corp.,* 446 S.W.2d 1, 2 (Tex.1969).

■ Where property has been "taken," a plaintiff's right to maintain a cause of action would not be barred until the expiration of the 10–year period necessary to acquire land by adverse possession. *Hudson v. Arkansas Louisiana Gas Co.,* 626 S.W.2d 561, 563 (Tex.App.—Texarkana 1981, writ ref'd n.r.e.); *Hubler,* 564 S.W.2d at 823. Where property has been "damaged," the cause of action is governed by the two-year statute of limitation. *Hues v. Warren Petroleum Co.,* 814 S.W.2d 526, 530 (Tex.App.—Houston [14th Dist.] 1991, writ denied); *Hudson,* 626 S.W.2d at 563–64; *Hubler,* 564 S.W.2d at 823.

▊▊▊ The cause of action against one who enters upon land under an adverse claim accrues, and the limitations period begins to run, when the entry upon the land is made. *Hickman v. Ferguson,* 164 S.W. 1085, 1087 (Tex.Civ.App.—Austin 1914, writ ref'd). Once the statute of limitations begins to run, it will not be interrupted in behalf of a subsequent purchaser objecting to its operation for want of notice. *Eastham v. Gibbs,* 58 Tex.Civ.App. 627, 125 S.W. 372, 374 (Fort Worth 1910, no writ).

▊▊▊ The City had the burden to prove when the cause of action for inverse condemnation accrued. *Intermedics, Inc. v. Grady,* 683 S.W.2d 842, 845 (Tex.App.— Houston [1st Dist.] 1984, writ ref'd n.r.e.) The City's summary judgment evidence established that in 1919, a 42–inch pipe (3½ feet wide) was installed across the property. Waddy did not assert in any pleading properly before the trial court that his predecessors in title did not have notice of the "taking" of the land for sewer line purposes.

We hold the City produced sufficient evidence to establish the date of "taking" as the date Waddy's cause of action for inverse condemnation accrued. The burden then became Waddy's to set forth sufficient evidence to give rise to a fact issue to avoid a summary judgment. *"Moore" Burger, Inc.,* 492 S.W.2d at 936–37. Waddy did not file a timely response to the motion for summary judgment, and thus failed to meet his burden.

We respectfully disagree with the dissent's analysis of *Hudson,* 626 S.W.2d 561. The *Hudson* court did no more, in our opinion, than reverse and remand the case because the order granting summary judgment was based on the two-year statute of limitations and the trial court did not even consider the ten-year statute of limitations applicable to inverse condemnation causes of action. The *Hudson* court did not, and could not properly, rule on the merits of the ten-year statute of limitations defense, because the trial court did not grant summary judgment on that ground. See *Insurance Co. of N. Am.,* 790 S.W.2d at 410.

Because the summary judgment evidence establishes that Waddy's claims against the City are time-barred by the applicable statutes of limitations, we hold the trial court properly granted summary judgment in favor of the City. We overrule Waddy's sole point of error.

We affirm the judgment.

WILSON, J., dissents.

WILSON, Justice, dissenting.

I agree with the majority that Waddy asserted a cause of action based on the theory of inverse condemnation in his plaintiff's original petition. I further agree that the right to maintain such a cause of action is lost after the expiration of the 10–year period necessary to acquire land by adverse possession. Because I do not agree with the majority's application of the 10–year statute to the facts in this case, I respectfully dissent.

The majority states that it is uncontested the sewer line was installed in 1919, and that the statute of limitations started running for an inverse condemnation claim *at that time.* (Emphasis added.) The issue in the case that separates me from the majority is (1) whether the 10–year period started running in 1919; or (2) when Waddy first learned of the existence of the sewer; or (3) at some other time.

The majority correctly cites *Hudson v. Arkansas Louisiana Gas Co.,* 626 S.W.2d 561, 563 (Tex.App.—Texarkana 1981, writ ref'd n.r.e.), for the proposition that a 10–year statute of limitations applies to a claim for inverse condemnation, but ignores the implied application of the discovery rule to claims of inverse condemnation in the *Hudson* holding.

In *Hudson,* a gas company laid a major gas line under certain tracts of land in 1940, some 37 years before subsequent land owners discovered the line. The court, as in this case, construed the plaintiff's petition as sufficient in making out a claim of inverse condemnation. However, the *Hudson* court reversed the summary judgment granted by the trial court stating that the 10–year statute of limitations

should have been considered by the trial court. The *Hudson* court did not decide as a matter of law that the statute began running in 1940.

The majority states that when the entry on land is made, the statute begins running, citing *Hickman v. Ferguson*, 164 S.W. 1085, 1087 (Tex.Civ.App.—Austin 1914, no writ). *Hickman* is an adverse possession case, and does not directly construe rights under claims of inverse condemnation. If *Hickman* correctly applies here, *Hudson* would necessarily have been decided incorrectly because the statute would have begun to run in 1940, and Hudson's claim brought after discovery of the line in 1977 would have been time barred. I cannot believe the Texarkana court in *Hudson* returned the cause to the trial court for a ruling on the 10–year statute as a mere academic exercise. In my judgment, the *Hudson* court perceived that a "real" dispute existed under the facts on the application of the 10–year statute. The facts in *Hudson* vary little in legal implication from the set of facts now before us. I respectfully suggest the majority's holding cannot be reconciled with *Hudson*.

The facts that both distinguish and reconcile the holdings of *Hickman* and *Hudson* deal with the "open and visible" nature of the entry onto the land and its continued use. In *Hickman*, the person claiming title adverse to others fenced and cultivated the land as well as built houses and barns on the tract in question. The claimant also occupied the house for many years, displaying to the world the open and visible nature of his possession. In *Hudson*, as in the case before us, the entry to the land was hidden, or at least an unresolved fact issue remains about the open and visible nature of the possession.

"Adverse possession" means an actual and *visible* appropriation of real property, commenced and continued under a claim of right that is inconsistent with and is hostile to the claim of another person. TEX.CIV. PRAC. & REM.CODE ANN. § 16.021(1) (Vernon 1986) (emphasis added). To meet the requirements of the 10–year–statute of limitations, an adverse claimant must prove an actual and visible appropriation of the claimed land for 10 or more consecutive years. *Parker v. McGinnes*, 809 S.W.2d 752, 753 (Tex.App.—Houston [1st Dist.] 1991, no writ). If there is not a verbal assertion of claim to the land brought to the knowledge of the landowner, the adverse possession must be so open and notorious and manifested by such open or visible act or acts that knowledge on the part of the owner will be presumed. *Brown and Associates, Inc. v. McMahon*, 525 S.W.2d 553, 559 (Tex.Civ.App.—Tyler 1975, no writ) (applying the 10–year statute).

"Whenever the owners of land obtain knowledge of the fact that the county, claiming the right to maintain a road ... takes actual and visible possession of the land ... the period of limitation begins to run." *Black v. Terry*, 183 S.W.2d 685, 687 (Tex.Civ.App.—Amarillo 1944, no writ).

The majority cites *Eastham v. Gibbs*, 58 Tex.Civ.App. 627, 125 S.W. 372, 374 (Fort Worth 1910, no writ), also an adverse possession case, for the proposition that once a statute begins to run, it will not be interrupted in behalf of a subsequent purchaser objecting to its operation for want of notice. While true as far as it goes, the majority's use of the holding begs the question that is determinative here: When did the statute begin to run?

The record as quoted by the majority states Waddy became record owner of the property on October 5, 1979, and that he discovered the presence of the sewer line on August 19, 1981, and filed suit on August 28, 1989. Clearly, the suit was brought outside the two-year statute but inside the 10-year statute—assuming Waddy or any predecessor was not on notice of the alleged "taking" by the City until October 5, 1979.

The City should properly win by summary judgment if it was in fact the rightful owner of the easement by adverse possession as claimed prior to August 28, 1979, at least 10 years and one day prior to Waddy's suit. To establish its right to summary judgment, the City must show Waddy could not comply with TEX.CIV.PRAC. & REM. CODE ANN. § 16.026 (Vernon Supp.1992), which states in pertinent part:

**Adverse Possession: 10–Year Limitations Period**

(a) A person must bring suit not later than 10 years after the day the cause of action accrues to recover real property held in peaceable and adverse possession by another who cultivates, uses, or enjoys the property.

The City sought summary judgment in two different ways, by application of the 10–year statute of limitations to Waddy, and/or by establishing the existence of title to the easement by adverse possession.[1] The City could have discharged its burden relative to the 10–year statute of limitations by: (1) proving by competent evidence that its intrusion into the property in question was so open and obvious that knowledge on the part of the owner (actually any owner in the chain of title) would be presumed, *Brown,* 525 S.W.2d at 559; or (2) proving by competent evidence that someone in the chain of title had knowledge of the sewer (whether open and obvious or not) at least 10 years and one day prior to the filing of Waddy's suit. The City could also have affirmatively proved its title to the property by adverse possession. In other words, the City could have won its suit by proving it already owned the land by adverse possession, or that knowledge of the "taking" is imputed to Waddy somewhere between 1919 and 10 years and one day before Waddy filed suit. This the City has failed to do, and the majority does not suggest in its opinion that it has.

The majority's analysis seems to be limited to the application of the statute of limitations to Waddy by imputing knowledge of the "taking" to him, which the majority decides happened in 1919.[2] The majority further implies that any deficiencies in the character of the alleged "taking" are defensive in nature and are waived if not pled. No authority is cited for this proposition. Waddy pled in his original petition that he had no knowledge of the sewer line when he purchased the property. He also pled that the City "never secured *any* legal right or authority to operate the sewer line," nor had there ever been a "dedication of the property to public use for such purpose." (Emphasis added.) No special exceptions to Waddy's petition were filed. The only way the City could have obtained legal title to the property, within the context of the City's pleading, is by adverse possession. If the majority is correct, which I do not concede, that Waddy had the burden of pleading lack of notice to any and all owners throughout the change of title, or some other deficiency in the character of the "taking," the above quoted pleading is sufficient to do so, particularly in the absence of special exceptions.

Because I believe the City's proof is deficient to obtain a summary judgment under the strict standards of TEX.R.CIV.P. 166a, and that the majority has misplaced the burden of proving the open and obvious character of the "taking," I would return the cause to the trial court for further proceedings.

---

1. In my opinion, affirmance on the other grounds of summary judgment asserted by the City is proper. I join the majority's findings relative to all causes of action other than inverse condemnation and the defensive issue of easement by adverse possession.

2. There is no evidence in the record of the identities of any of the previous record owners of the property. We cannot say from the evidence whether or not the property was even privately owned in 1919, yet the majority finds the evidence sufficient to say the cause of action for inverse condemnation accrued in 1919, and the statute of limitations began to run.