**B.W. CARR, Individually and Under Power of Attorney for his Father and Mother, J.C. Carr and Dorothy M. Carr, Appellant,**

v.

**CITY OF CISCO, et al, Appellees.**

No. 11–02–00324–CV.

Court of Appeals of Texas, Eastland.

June 30, 2004.

C.R. Kit Bramblett, Attorney At Law, John P. Mobbs, Attorney At Law, El Paso, for appellant.

Anne Pilgrim, Stephen H. Suttle, McMahon, Surovik, Suttle, Buhrmann, Hicks, Gill & Cannon, Tom L. Gill, John Pilgrim, Abilene, C. Bray, Deborah Rusher, Ernest Ward, Ivan Webb, Michael Rusher, Dollie Ward, Lillian Delaplane, Cisco, Tommy Warford, Turner, Seaberry & Warford, Eastland, Billy E. Caddell, Clyde, Clinton W. Cook, Lubbock, H.K. Neely, Jr., Bolivar, Joel Shaddox, Irving, for appellees.

Panel consists of ARNOT, C.J., and WRIGHT, J., and McCALL, J.

### Opinion

W.G. ARNOT, III, Chief Justice.

B.W. Carr, individually and acting under power of attorney for his father and mother, J.C. Carr and Dorothy M. Carr, brought this suit against the City of Cisco to quiet title to land that the City possessed. The land in controversy is a strip of land 160 feet wide along the north shoreline of Lake Cisco just above the high-water mark. Out of that strip, a strip 100 feet wide had been subdivided by the City into 215 lots and leased to various tenants,[1] and a strip 60 feet wide was used

---

1. These various tenants were joined as defendants in this lawsuit by order of the trial court. Carr subsequently entered into agreements with the tenant defendants and has not pursued any claims against them. The clerk's record contains numerous stipulations filed by Carr in which he states that he "recognizes the validity of such Lease Agreements, does not intend to, and will not, alter, challenge, change, or in any way affect any rights" of the tenants.

as a public roadway. After sustaining the City's objections to Carr's expert's affidavit, the trial court granted the City's motion for summary judgment and entered judgment that Carr take nothing from the defendants. We affirm.

Carr presents two issues on appeal. In the first issue, he contends that the trial court erred in sustaining the City's objections to the affidavit of Carr's expert, Basil R. Smith. In the second issue, Carr argues that the trial court erred in granting the City's motion for summary judgment and thereby declaring that the City owned the land in question.

In order to determine if the trial court erred in granting the motion for summary judgment, we must consider the summary judgment evidence in the light most favorable to the non-movant, indulging all reasonable inferences in his favor, in order to determine whether the movants proved that there was no genuine issue of material fact and that they were entitled to judgment as a matter of law. *See Nixon v. Mr. Property Management Company, Inc.,* 690 S.W.2d 546 (Tex.1985); *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979). In order to be entitled to summary judgment, a defendant must either disprove an element of each cause of action or establish an affirmative defense as a matter of law. *American Tobacco Company, Inc. v. Grinnell,* 951 S.W.2d 420, 425 (Tex.1997). A defendant moving for summary judgment on the basis of the running of a statute of limitations must prove conclusively the elements of that defense. *Shah v. Moss,* 67 S.W.3d 836, 842 (Tex.2001); *Rogers v. Ricane Enterprises, Inc.,* 772 S.W.2d 76, 80–81 (Tex. 1989). In this case, the City moved for summary judgment on grounds that Carr did not have superior title to the property and that the City established its title to the property by deed and/or by limitations.

Because the trial court did not specify which ground it relied upon in granting the summary judgment, we will affirm the summary judgment "if any of the theories advanced are meritorious." *State Farm Fire & Casualty Company v. S.S. & G.W.,* 858 S.W.2d 374, 380 (Tex.1993); *Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex.1989).

The summary judgment evidence shows that, in 1920, R.F. Weddington entered into a contract to sell an unspecified portion of his ranch to the City so that the City could erect a dam and build a municipal reservoir. That contract provided:

> [O]nly such portion of said land and premises shall be taken or appropriated ... as shall be covered by the water in such reservoir, when filled, as estimated by competent engineers ... and a strip adjoining the high-water line, not exceeding 100 feet in width, and a strip not exceeding 60 feet in width for said road purposes.

Later that year, R.F. and Beatrice Weddington sold some of their land to the City for a sum of $34,380. The deed, which was recorded in 1921, gave a metes and bounds description that surveyors have since struggled to decipher.

R.F. and Beatrice's two children, Theresa Weddington Downie and Bob Weddington, inherited their parents' estate. Theresa, in turn, inherited the property when her brother died. Upon Theresa's death, the property was deeded by Theresa's surviving husband to Carr's parents. The deed to Carr's parents and the deeds from Carr's parents to Carr convey the tract of land with the following exception: "Save and except the land which was conveyed out of said sections by R.F. Weddington and wife, Beatrice Weddington to the City of Cisco as shown by the deed records."

Regardless of the current boundary dispute and the question of whether the dis-

puted strip of land passed by deed to the City or to Carr's predecessors, the controlling issue in this case is that of limitations. In its motion for summary judgment, the City specifically asserted that it was entitled to judgment as a matter of law based upon the affirmative defense of limitations under TEX. CIV. PRAC. & REM. CODE ANN. §§ 16.024–16.028 (Vernon 2002). We agree. Specifically, Section 16.026(a) provides as follows: "A person must bring suit not later than 10 years after the day the cause of action accrues to recover real property held in peaceable and adverse possession by another who cultivates, uses, or enjoys the property."

We hold that the summary judgment evidence established as a matter of law that the strip of land in question was held by the City in peaceable and adverse possession for more than ten years prior to Carr's suit and that the City used the property by building a road, leasing the subdivision lots, and permitting tenants to build improvements on the lots. *See, e.g., King Ranch, Inc. v. Chapman,* 118 S.W.3d 742, 756–57 (Tex.2003), *cert. den'd,* 541 U.S. 1030, 124 S.Ct. 2097, 158 L.Ed.2d 711 (2004)(upholding summary judgment where adverse possession by limitations was established as a matter of law). Carr and his predecessors were aware that the City was leasing lots from the disputed strip of land to tenants and that houses were being built on the lots as early as 1962 or 1963. In fact, Carr's predecessor, Theresa Weddington Downie, entered into a lease agreement with the City in 1968 to lease two of the disputed lots from the City. In 1973, Carr's father entered into a contract with the City regarding the right to water his cows at the lake. That contract recognizes that Carr's land was "bounded on the South by a strip of land belonging to the City of Cisco, immediately adjoining the high water mark" of Lake Cisco. Although Carr and his father

thought that the strip of land containing the lots belonged to them, they did not file this suit until 1995—long after the expiration of the ten-year limitations period provided for in Section 16.026.

Carr contends that the City is not entitled to assert limitations because the result would be an unconstitutional taking of private property without just compensation in violation of the takings clauses of the state and federal constitutions. We disagree. The ten-year statute of limitations has been applied in similar situations involving municipalities. *See Trail Enterprises, Inc. v. City of Houston,* 957 S.W.2d 625, 631–32 (Tex.App.-Houston [14th Dist.] 1997, pet'n den'd), *cert. den'd,* 525 U.S. 1070, 119 S.Ct. 802, 142 L.Ed.2d 663 (1999); *Waddy v. City of Houston,* 834 S.W.2d 97, 102–03 (Tex.App.-Houston [1st Dist.] 1992, writ den'd). Even constitutional rights may be waived if not timely asserted. Because we find that summary judgment was appropriate on the affirmative defense of limitations, Carr's second issue is overruled.

In our determination of the second issue, we considered Smith's affidavit. Consequently, we need not reach the merits of Carr's first issue and determine whether the trial court erred by sustaining the City's objections to that affidavit. *See* TEX.R.APP.P. 47.1.

The judgment of the trial court is affirmed.