11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

B.W. Carr, Individually
and Under Power 

of Attorney for his
Father and Mother,

J.C.
Carr and Dorothy M. Carr

Appellant

Vs.                   No. 11-02-00324-CV -- Appeal
from Eastland County

City of
Cisco et al

Appellees

 

B.W. Carr, individually and acting under power of
attorney for his father and mother, J.C. Carr and Dorothy M. Carr, brought this
suit against the City of Cisco to quiet title to land that the City
possessed.  The land in controversy is
a  strip of land 160 feet wide along the
north shoreline of Lake Cisco just above the high-water mark.  Out of that strip, a strip 100 feet wide had
been subdivided by the City into 215 lots and leased to various tenants,[1]
and a strip 60 feet wide was used as a public roadway.  After sustaining the City=s objections to Carr=s expert=s
affidavit, the trial court granted the City=s
motion for summary judgment and entered judgment that Carr take nothing from
the defendants.  We affirm. 

Carr presents two issues on appeal.  In the first issue, he contends that the
trial court erred in sustaining the City=s
objections to the affidavit of Carr=s
expert, Basil R. Smith.  In the second
issue, Carr argues that the trial court erred in granting the City=s motion for summary judgment and
thereby declaring that the City owned the land in question.  








In order to determine if the trial court erred in
granting the motion for summary judgment, we must consider the summary judgment
evidence in the light most favorable to the non-movant,
indulging all reasonable inferences in his favor, in order to determine whether
the movants proved that there was no genuine issue of
material fact and that they were entitled to judgment as a matter of law.  See Nixon v. Mr. Property Management
Company, Inc., 690 S.W.2d 546 (Tex.1985); City of Houston v. Clear Creek
Basin Authority, 589 S.W.2d 671 (Tex.1979). 
In order to be entitled to summary judgment, a defendant must either
disprove an element of each cause of action or establish an affirmative defense
as a matter of law.  American Tobacco
Company, Inc. v. Grinnell, 951 S.W.2d 420, 425 (Tex.1997).  A defendant moving for summary judgment on
the basis of the running of a statute of limitations must prove conclusively
the elements of that defense.  Shah v.
Moss, 67 S.W.3d 836, 842 (Tex.2001); Rogers v. Ricane
Enterprises, Inc., 772 S.W.2d 76, 80-81 (Tex.1989).  In this case, the City moved for summary
judgment on grounds that Carr did not have superior title to the property and
that the City established its title to the property by deed and/or by
limitations.  Because the trial court did
not specify which ground it relied upon in granting the summary judgment, we
will affirm the summary judgment Aif
any of the theories advanced are meritorious.@  State Farm Fire & Casualty Company v.
S.S. & G.W., 858 S.W.2d 374, 380 (Tex.1993); Carr v. Brasher,
776 S.W.2d 567, 569 (Tex.1989).  

The summary judgment evidence shows that, in 1920,
R. F. Weddington entered into a contract to sell an
unspecified portion of his ranch to the City so that the City could erect a dam
and build a municipal reservoir.  That
contract provided:  

[O]nly such portion of said land and premises shall be taken
or appropriated...as shall be covered by the water in such reservoir, when
filled, as estimated by competent engineers...and a strip adjoining the
high-water line, not exceeding 100 feet in width, and a strip not exceeding 60
feet in width for said road purposes.

 

Later that year, R. F. and Beatrice Weddington
sold some of their land to the City for a sum of $34,380.  The deed, which was recorded in 1921, gave a
metes and bounds description that surveyors have since struggled to
decipher.  








R. F. and Beatrice=s
two children, Theresa Weddington Downie
and Bob Weddington, inherited their parents= estate.  Theresa, in turn, inherited the property when
her brother died.  Upon Theresa=s death, the property was deeded by
Theresa=s
surviving husband to Carr=s
parents.  The deed to Carr=s parents and the deeds from Carr=s parents to Carr convey the tract of
land with the following exception: ASave
and except the land which was conveyed out of said sections by R. F. Weddington and wife, Beatrice Weddington
to the City of Cisco as shown by the deed records.@  

Regardless of the current boundary dispute and the
question of whether the disputed strip of land passed by deed to the City or to
Carr=s
predecessors, the controlling issue in this case is that of limitations.  In its motion for summary judgment, the City
specifically asserted that it was entitled to judgment as a matter of law based
upon the affirmative defense of limitations under TEX. CIV. PRAC. & REM.
CODE ANN. ''
16.024 - 16.028 (Vernon 2002).  We
agree.  Specifically, Section 16.026(a)
provides as follows: AA
person must bring suit not later than 10 years after the day the cause of
action accrues to recover real property held in peaceable and adverse
possession by another who cultivates, uses, or enjoys the property.@

We hold that the summary judgment evidence
established as a matter of law that the strip of land in question was held by
the City in peaceable and adverse possession for more than ten years prior to
Carr=s suit
and that the City used the property by building a road, leasing the subdivision
lots, and permitting tenants to build improvements on the lots.  See, e.g., King Ranch, Inc. v. Chapman,
118 S.W.3d 742, 756-57 (Tex.2003), cert. den=d,
___ U.S. ___, 124 S.Ct. 2097, 158 L.Ed.2d 711
(2004)(upholding summary judgment where adverse possession by limitations was
established as a matter of law).  Carr
and his predecessors were aware that the City was leasing lots from the
disputed strip of land to tenants and that houses were being built on the lots
as early as 1962 or 1963.  In fact, Carr=s predecessor, Theresa Weddington Downie, entered into a
lease agreement with the City in 1968 to lease two of the disputed lots from
the City.  In 1973, Carr=s father entered into a contract with
the City regarding the right to water his cows at the lake. That contract
recognizes that Carr=s
land was Abounded
on the South by a strip of land belonging to the City of Cisco, immediately adjoining
the high water mark@ of Lake
Cisco.  Although Carr and his father
thought that the strip of land containing the lots belonged to them, they did
not file this suit until 1995 B
long after the expiration of the ten-year limitations period provided for in
Section 16.026.  








Carr contends that the City is not entitled to
assert limitations because the result would be an unconstitutional taking of
private property without just compensation in violation of the takings clauses
of the state and federal constitutions. 
We disagree.  The ten-year statute
of limitations has been applied in similar situations involving
municipalities.  See Trail
Enterprises, Inc. v. City of Houston, 957 S.W.2d 625, 631-32 (Tex.App. - Houston [14th Dist.] 1997, pet=n den=d),
cert. den=d,
525 U.S. 1070, 119 S.Ct. 802, 142 L.Ed.2d 663 (1999);
Waddy v. City of Houston, 834 S.W.2d
97, 102-03 (Tex.App. - Houston [1st Dist.] 1992, writ
den=d). 
Even constitutional rights may be waived if not timely asserted.  Because we find that summary judgment was
appropriate on the affirmative defense of limitations, Carr=s second issue is overruled.

In our determination of the second issue, we
considered Smith=s
affidavit.  Consequently, we need not
reach the merits of Carr=s
first issue and determine whether the trial court erred by sustaining the City=s objections to that affidavit.  See TEX.R.APP.P. 47.1.

The judgment of the trial court is affirmed.   

 

W. G. ARNOT, III

CHIEF JUSTICE 

 

June 30, 2004  

Panel
consists of:  Arnot,
C.J., and

Wright,
J., and McCall, J. 











[1]These various tenants were joined as defendants in this
lawsuit by order of the trial court. 
Carr subsequently entered into agreements with the tenant defendants and
has not pursued any claims against them. The clerk=s record contains numerous stipulations filed by Carr
in which he states that he Arecognizes the validity of such Lease Agreements, does
not intend to, and will not, alter, challenge, change, or in any way affect any
rights@ of the tenants.