NUMBER
13-01-588-CV

 

                             COURT
OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                      CORPUS CHRISTI B
EDINBURG

 

WILLIAM D. WINSTON, GILBERT M. SPRING, 

AND WILLIAM
DREW PERKINS,                                            Appellants,

 

                                                   v.

 

SABINE RIVER VALLEY MORTGAGE 

ASSOCIATION,
INC.,                                                             Appellee.

 

       On appeal from the
1st District Court of Newton County, Texas.

 

                                   O P I N I O N

 

                   Before Justices Hinojosa,
Rodriguez and Wittig[1]

                                   Opinion by
Justice Wittig

 








This is a
trespass to try title case.  After Elmer
Simmons died, his daughter conveyed, by special warranty deed, a 120-acre tract
in Newton county to appellants, William D. Winston,
Gilbert M. Spring and William Drew Perkins, attorneys.  Appellants had represented the heirs and
received the conveyance in consideration for their attorneys= fees on the
estate matter.  Appellee, Sabine River
Valley Mortgage Association, Inc., claimed both a
prior recorded deed and limitations by adverse possession.  In a bench trial, District Judge Joe Bob
Golden, ruled in favor of appellee on the basis of adverse possession.  In a single issue, appellants attack the
legal sufficiency[2]
on the defense of limitations.  We
affirm.

   I 








Both appellants
and appellee claimed record title through Elmer David Simmons.  Simmons=s name appears
on a deed to appellee, prior to his death in 1987.  After Simmons=s death, his daughter conveyed the
120-acre tract to appellants.  Appellants
argued at the trial that Simmons did not have good title when he conveyed the tract  to
appellee.  And this seems to be partially
true, because the witnesses and record reveal lists of sixty-one potential
heirs to the three different parcels comprising the 120-acre tract, plus
another list of fourteen heirs to tract 2, which is not in issue.[3]  However, that argument would apply as well to
appellants= claim to
title.  This may explain appellants= sole focus on
the legal sufficiency of appellee=s claim.

At trial,
appellee introduced testimony that the tract was enclosed by a fence extending
2100 feet around the property.  The fence
stopped at the creek, said to be impassable by cattle.  Cattle were run on the property after
appellants took possession in 1987.  The
cattle operation, including Long Horns, buffalo and cross-bred Brahman, ceased
in 1996.  Timber was sold off the tract
at least twice, in 1987 and 1997.  Some
trees were replanted.  A garden was
planted plus cropping including an okra patch, corn and peas.  However, as appellants= counsel aptly
noted, these crops were on the undisputed tract 2, not the 120 acres.  Appellee offered testimony that it planted
maize on some of the disputed acreage, for the purposes of attracting
game.  The contested tract was also
hunted by various family members of appellee=s employees.  Although there was a cabin, this too was
located upon the undisputed tract 2.  On
the other hand, the 120 acres in dispute, was only accessible by a road  through appellee=s tract 2.  Appellee=s witness also
testified the company built roads throughout the property.  Testimony showed peaceful, uninterrupted
enjoyment of the land by appellee. 
Appellee=s possession
was also Aquiet@ except for
occasional dog hunters.  Both parties
paid taxes intermittently.[4]  

II








The record does
not contain findings of fact and conclusions of law.   In a nonjury trial, where findings of fact
and conclusions of law are neither filed nor timely requested, it is implied
that the trial court made all necessary findings to support its judgment.   Holt Atherton Indus., Inc. v. Heine, 835
S.W.2d 80, 83 (Tex. 1992) (citing Roberson v. Robinson, 768 S.W.2d 280,
281 (Tex. 1989)).  When, as in this case,
a reporter=s record is
brought forward, these implied findings may be challenged by factual or legal
sufficiency points, the same as jury findings or a trial court's findings of
fact.  Holt Atherton, 835 S.W.2d at 84; State v. One (1) Residence Located at
1204 North 12th Street, Alamo, Tex., 907 S.W.2d 644, 645 (Tex. App.‑Corpus
Christi 1995, no writ).  If the evidence
supports the implied findings, we must uphold the judgment of the trial court
on any theory of law applicable to the case.  
In re W.E.R., 669 S.W.2d 716, 717 (Tex. 1984);  Lassiter v. Bliss, 559
S.W.2d 353, 358 (Tex. 1977).  When a
party attacks the legal sufficiency of an adverse finding on an issue on which
he has the burden of proof, he must demonstrate on appeal that the evidence
establishes, as a matter of law, all vital facts in support of the issue.  Dow Chemical Co. v. Francis, 46 S.W.3d 237, 241-242 (Tex. 2001).   In reviewing a matter of law challenge, the
reviewing court must first examine the record for evidence that supports the
finding, while ignoring all evidence to the contrary.  Id. 
If there is no evidence to support the finding, then the reviewing court
will examine the entire record to determine if the contrary proposition is
established as a matter of law.  Id.  And the issue should be sustained only if the
contrary proposition is conclusively established.  Id.








When the party
opposing a claim or defense has lost the issue at trial, it may attack the
legal sufficiency of the evidence by establishing that there was no evidence to
support the finding in favor of the opponent's claim or defense.  Garza v. Alviar, 395
S.W.2d 821, 824 (Tex. 1965).  We
will sustain the challenge when the record discloses: (1) a complete absence of
evidence of a vital fact; (2) the court is barred by rules of law or of
evidence from giving weight to the only evidence offered to prove a vital fact;
(3) the evidence offered to prove a vital fact is no more than a mere
scintilla; or (4) the evidence conclusively proves the opposite of the vital
fact.  Merrell Dow Pharms.,
Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997).  In reviewing the evidence under a no‑evidence
point, we consider all the evidence in the light most favorable to the
prevailing party, indulging every reasonable inference in that party's
favor.  Associated
Indem. Corp. v. CAT Contracting, Inc., 964
S.W.2d 276, 285‑86 (Tex. 1998). 
In evaluating legal sufficiency, we are required to determine whether
the proffered evidence as a whole rises to the level that would enable
reasonable and fair‑minded people to differ in their conclusions.  Id. at 286.

III

In their brief,
appellants argue three cases, which we review in turn.  They first argue, Orsborn v. Deep Rock Oil
Corp., 267 S.W.2d 781 (Tex. 1954). 
While appellants note this is a thirty-plus page opinion, they furnish
no pinpoint cites.  So we are left to
suppose that from Orsborn they argue that limitation title cannot be
acquired by grazing unenclosed land.  Id. at 785. 
Perhaps appellants allude to the language that when the disputed tract
of land has been casually or incidentally enclosed with other land, especially
when other land is held by the possessor under deed, the incidental enclosure
and the occasional grazing of the disputed tract by cattle straying from the
titled land will not amount to such adverse and hostile possession and use as
will support the statute of limitations.  Id. 
On the other hand, Orsborn also discusses possession.   When possession is exercised with the  rights that
pertain to an owner alone, this is deemed to be sufficient evidence of an
adverse claim, in the absence of some evidence indicating that it is held in
subordination to the title of the real owner. 
Id.  Even under the brief
factual review above, we do not believe Orsborn is the right horse to
support the heavy burden appellants undertake.








Next,
appellants argue that when the use relied upon to acquire limitation title is
grazing, there must be at the same time a sufficient enclosure that will give
evidence that the land was designedly enclosed and that a claim hostile to the
true owner is being asserted.  Cunningham
v. Eastham, 465 S.W.2d 189, 194 (Tex. Civ. App.BHouston [1st
Dist.] 1971, writ ref=d n.r.e.).[5]
  Cunningham also observes that a
creek can be a sufficient enclosure when the stream was of such Awidth and depth
as to turn cattle of ordinary disposition.@[6]  Id.  Neither will Cunningham turn the tide
or cross over the river.[7]

Finally,
appellants cite Parker v. McGinnes, 809 S.W.2d 752 (Tex. App.BHouston [1st
Dist.] 1991).  Sadly, this opinion was
withdrawn.  Parker v. McGinnes,
842 S.W.2d 357 (Tex. App.BHouston [1st
Dist.] 1992, writ denied).  But we glean
from the opinion on rehearing the holding that: AWithout his enclosure of the lots, we find
there was no evidence of L.B.'s adverse possession of the lots.@  Id. at 362.  The
evidence here however, shows enclosure and other exclusive uses hostile to appellants= claims.

IV








Adverse
possession as defined in section 16.021 of the civil practice and remedies code
is "an actual and visible appropriation of real property, commenced and
continued under a claim of right that is inconsistent with and is hostile to
the claim of another person."  Tex. Civ. Prac. & Rem. Code Ann. ' 16.021(1)
(Vernon 1986); see also Rhodes v. Cahill, 802 S.W.2d 643, 645
(Tex. 1990); Garza v. Maddux, 988 S.W.2d 280, 288 (Tex. App.BCorpus Christi
1999, pet. denied); Clements v. Corbin, 891 S.W.2d 276, 278 (Tex. App.BCorpus Christi
1994, writ denied).  To establish title
through adverse possession, "the possession must be of such character as
to indicate unmistakably an assertion of a claim of exclusive ownership in the
occupant."  Clements, 891
S.W.2d at 278 (quoting 
Rick v. Grubbs, 214 S.W.2d 925, 927 (Tex. 1948)).                                 

The applicable
limitations periods asserted, the  three, five and ten years statutes
respectively, state in pertinent part:  

A person must
bring suit to recover real property held by another in peaceable and adverse
possession under title or color of title not later than three years after the
day the cause of action accrues.  

 

Tex. Civ. Prac. & Rem. Code Ann. ' 16.024 (Vernon 1986). 

(a) A person
must bring suit not later than five years after the day the cause of action
accrues to recover real property held in peaceable and adverse possession by
another who:

 

(1) cultivates,
uses, or enjoys the property;

(2) pays applicable taxes on the property;  and

(3) claims the property under a duly registered deed. 

 

Id. ' 16.025.                             

(a) A person
must bring suit not later than 10 years after the day the cause of action
accrues to recover real property held in peaceable and adverse possession by
another who cultivates, uses, or enjoys the property. . . .

 

c) Peaceable
possession of real property held under a duly registered deed or other
memorandum of title that fixes the boundaries of the

possessor's claim extends
to the boundaries specified in the instrument.

 

Id. ' 16.026. 

V








We
believe the evidence supports the trial court=s implied findings.  It was undisputed that all parties claimed
under a deed from a common predecessor in title.  Appellee testified a fence was erected some
2100 feet enclosing the property to the bayou. 
As noted by appellants, under the applicable case law, there are two
kinds of fences:  "casual
fences" and fences that "designedly enclose" an area.   Orsborn, 267 S.W.2d
at 786.  If the fence existed
before the claimant took possession of the land and the claimant fails to
demonstrate the purpose for which it was erected, then the fence is a
"casual fence."  Id.  The purpose of the enclosure created by
appellee was the running of cattle, which was done for nine years.  Thus, appellee=s fence designedly enclosed an area.  

Another
essential element in an adverse possession claim under the ten‑year
limitations statute is that the claimant's possession must be an actual and
visible appropriation of the land for ten or more consecutive years.  Rhodes, 802 S.W.2d
at 645.  The record reveals that
in addition to fencing the property, appellee lived, hunted, grazed cattle,
built roads, clear-cut timber, and replanted timber.  Appellee=s testimony
also established uninterrupted enjoyment of the land until the lawsuit in
1999.  Appellee=s possession
was actual and visible (as well as exclusive) for the additional reason that it
had the only road access due to the configuration of the property.  We are pointed to no evidence of use or
attempted use by anyone other than appellee and an occasional poacher.  Nor is there any evidence of any other
asserted claim, other than under appellants= posthumous
deed.








  As our highest court held, "the question
of adverse possession normally is a question of fact, so only in rare instances
is a court justified in holding that adverse possession has been established as
a matter of law."   Bywaters v. Gannon, 686 S.W.2d 593, 595 (Tex. 1985).  We are constrained to defer to the fact
finder=s superior
ability to judge the credibility of the witnesses and the weight to be given
their testimony.  Accordingly, when we
consider all the evidence in the light most favorable to the prevailing party,
indulging every reasonable inference in that party's favor,
appellants= legal sufficiency challenge
must fail.  See Associated
Indem. Corp., 964 S.W.2d at 285‑86.  Appellants= sole issue is
overruled.

The
judgment of the trial court is affirmed.

 

DON WITTIG

Justice

 

 

 

Do not
publish.  

Tex. R. App. P. 47.3.

 

Opinion
delivered and filed this 

the 12th day of
December, 2002.











[1]Retired
Justice Don Wittig assigned to this Court by the Chief Justice of the Supreme
Court of Texas pursuant to Tex. Gov=t Code
Ann. ' 74.003 (Vernon 1998).





[2]
Appellants= issue states: ADid
the evidence, under a preponderance of creditable standard, establish the
elements necessary to sustain a defense based upon any Statute of Limitation
Statute?@  In their argument summary, they state: AThe
well defined legal criteria, in a land dominated by the Rule of Law, was not
met by Defendant/Appellant=s
evidence.@  Based on these assertions, and the fact
appellants make no argument concerning factual sufficiency, we deduce
appellants= issue is one
of legal sufficiency.  See Tex. R. App. P. 38.1(e),(g) & (h).





[3]  Appellants conceded at trial no claim to
tract 2, consisting of forty acres of the original 160-acre patent.  The State of Texas issued an original patent
to Simon Lewis in 1882.  Other testimony
indicated C. E. Lewis could not be connected to anyone.  Not all the heirs of Simon Lewis were
known.  Accordingly, both our opinion and
the judgment of the trial court must be strictly construed to apply to the
named parties.





[4]  Counsel for appellants wittily quipped in response  to the trial
court=s inquiry about
taxes, that Aeveryone in
Newton county except me@ paid taxes on
the land.





[5]  Once again, appellants afford us no pinpoint
cite.  We hope we found the right acorn.





[6]  Appellants candidly admit to being uninformed
about the ordinary disposition of cattle. 
They criticize Cunningham, observing the Pacific Ocean would
serve as an enclosure, but that such evidence was not presented below.  We disagree. 
The only evidence of the creek indicated cattle would not cross this
dead bayou.





[7]  ALet
us cross over the river and rest under the trees.@  Stonewall Jackson, after being mortally
wounded at Chancellorsville.  May 10,
1863.