# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00272-CV

**EPGT Texas Pipeline, L.P., Appellant**

**v.**

**K-W Construction, Inc., Appellee**

### FROM THE COUNTY COURT AT LAW NO. 1 OF HAYS COUNTY, NO. 6568-C, HONORABLE LINDA A. RODRIGUEZ, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In this inverse condemnation case, appellant, EPGT Texas Pipeline, L.P. ("Pipeline"), appeals from a trial court judgment in favor of K-W Construction, Inc. ("K-W"). The trial court awarded damages and costs to K-W for a pipeline easement running across K-W's property that Pipeline's predecessor in interest acquired by inverse condemnation. The parties agree that the sole issue on appeal is whether K-W's claim is barred by the ten-year statute of limitations applicable to certain adverse possession claims. Pipeline asserts that because the limitations period begins upon intrusion onto the land, which occurred thirty-five years before K-W brought its claim, K-W's claim is barred. Because Pipeline did not establish that K-W or its predecessors in interest had notice of the pipeline before August 1998, we hold that K-W's claim is not time-barred and affirm the judgment of the district court.

## BACKGROUND

The parties have stipulated to the facts of this case. K-W owns a one-acre tract of land in Hays County that it acquired in 1984 from a landowner who had owned the tract since 1956. Pipeline is a limited partnership that owns an intrastate natural gas pipeline crossing under and through part of the tract. The pipeline has continuously occupied a subsurface portion of the tract since 1965, before K-W's purchase of the property. Pipeline acquired the pipeline in 1987 as a successor in interest to Valero Transmission Company. Both Pipeline and Valero are gas utilities with the power of eminent domain. *See* Tex. Util. Code Ann. §§ 101.003(7), 121.001(1), 181.004 (West 1998 & Supp. 2003). K-W did not discover the pipeline until August 1998, when K-W found one of Pipeline's employees on the property.

K-W brought suit in December 2000, then added Pipeline as a defendant in November 2001. K-W asserted, among other claims, a cause of action based on inverse condemnation. K-W abandoned its other claims, and the parties tried the inverse condemnation claim to the bench. At trial, Pipeline asserted that the ten-year statute of limitations applicable to adverse possession barred K-W's claim. The trial court, after determining that K-W's claim was not time-barred, rendered judgment in favor of K-W, awarding damages and expenses totaling $37,978.25.

Although Pipeline has the power of eminent domain, the parties agree that neither Pipeline nor its predecessors in interest acquired the right to occupy any portion of the land through an eminent domain proceeding. The parties further agree that the pipeline has occupied a subsurface portion of the property since 1965 and that this occupation constitutes a taking, because no agreement exists to grant Pipeline or its predecessors an easement or a right to occupy any portion

2

of the property. The parties further agree that K-W has established all elements of its inverse condemnation claim, with the sole issue on appeal being whether the ten-year statute of limitations bars its claim.

## ANALYSIS

The trial court determined as a matter of law that K-W's inverse condemnation claim was not time-barred. We review a trial court's conclusions of law *de novo*. *Black v. City of Killeen*, 78 S.W.3d 686, 691 (Tex. App.—Austin 2002, pet. denied). Pipeline contends that the ten-year statute of limitations applicable to adverse possession cases bars K-W's inverse condemnation claim because the period began to run from the date of encroachment, which was 1965. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.026(a) (West 2002). Pipeline further argues that it does not have to prove the elements of adverse possession, only the date of encroachment. K-W counters that Pipeline must satisfy the elements of adverse possession and has failed to demonstrate that the intrusion was "visible." *Id.* § 16.021(1) (West 2002). The parties stipulate that K-W did not discover the pipeline until August 1998. But, although Pipeline does not contest whether the pipeline was visible, it claims that the equipment required to construct a natural gas pipeline was so obvious as to impute actual notice on K-W's predecessors.

The ten-year statute of limitations period to acquire land by adverse possession governs inverse condemnation claims. *Brazos River Auth. v. City of Graham*, 354 S.W.2d 99, 110 (Tex. 1961); *Trail Enters., Inc. v. City of Houston*, 957 S.W.2d 625, 631 (Tex. App.—Houston [14th Dist.] 1997, pet. denied); *Hudson v. Arkansas La. Gas Co.*, 626 S.W.2d 561, 563 (Tex. App.—Texarkana 1981, writ ref'd n.r.e.); *see* Tex. Civ. Prac. & Rem. Code Ann. § 16.026(a).

3

Adverse possession is "an actual and *visible* appropriation of real property, commenced and continued under a claim of right that is inconsistent with and is hostile to the claim of another person." Tex. Civ. Prac. & Rem. Code Ann. § 16.021(a) (emphasis added). The statute of limitations for adverse possession begins to run when entry on the land is made. *Hickman v. Ferguson*, 164 S.W. 1085, 1087 (Tex. Civ. App.—Austin 1914, writ ref'd). When there are circumstances to show notice of adverse possession upon a previous owner, the statute of limitations begins to run and will not be tolled by a subsequent purchaser claiming lack of notice. *Eastham v. Gibbs*, 125 S.W. 372, 374 (Tex. Civ. App.—Fort Worth 1910, no writ).

Based on its reading of *Hickman*, Pipeline argues that its entry upon the land in 1965, without more, was sufficient to begin the limitations period. In *Hickman*, however, the person adversely possessing the land did more than simply enter the land. He openly and visibly fenced, built houses on, and farmed the land for over twenty years. 164 S.W. at 1086.

Pipeline further relies on two other cases for the propositions that the statute of limitations begins to run from the date of encroachment and that it need not prove the elements of adverse possession. The holding in one case hinged on a pleading defect. In *Waddy v. City of Houston*, because "Waddy did not assert in any pleading properly before the trial court that his predecessors in title did not have notice of the 'taking' of the land," the court held that the City had proven that a taking occurred when the sewer line was installed in 1919. 834 S.W.2d 97, 103 (Tex. App.—Houston [1st Dist.] 1992, writ denied). The issue of whether the City needed to establish the elements of adverse possession was not before the court. The other case on which Pipeline relies, *Trail Enterprises*, citing only *Waddy*, stated that "[w]e do not read the cases applying the ten-year

4

limitations period to inverse condemnation claims as requiring the defendant to establish the elements of adverse possession." 957 S.W.2d at 632. *Trail* cited no other authority, and we find none, for the proposition that a party defending an inverse condemnation claim need not prove the elements of adverse possession. Furthermore in *Trail*, because the appellant "did not plead or prove that it did not discover its cause of action until a later date . . . the City established its limitations defense as a matter of law." *Id.* at 633. *Trail* left open the possibility that discovery of entry on the land, not the entry itself, could establish the time that limitations began to run.

Here, K-W asserted in its pleading that "[n]either Plaintiff nor its predecessors in interest knew of this taking." Pipeline responded in its brief that "as a practical matter, it is unlikely that K-W's predecessors in interest did not notice this obvious taking, which necessarily involved heavy equipment coming onto the property." But Pipeline directs us to no evidence refuting K-W's claim of lack of notice. What we do have as proof are the parties' stipulations. The parties agree that K-W did not discover the existence of the pipeline on its property until August 1998. Because Pipeline failed to establish that K-W or its predecessors in interest had notice before August 1998, we hold that the statute of limitations for K-W's inverse condemnation claim did not begin to run until August 1998. K-W thus brought its claim well within the ten-year statute of limitations period.[1]

---

[1] In so holding, we are mindful that other courts have addressed the applicability of the discovery rule to inverse condemnation claims. In *Trail Enterprises, Inc. v. City of Houston*, because the appellant "did not plead or prove that it did not discover its cause of action until a later date, . . . the City had *no burden to negate the discovery rule*. Therefore, the City established its limitations defense as a matter of law." 957 S.W.2d 625, 633 (Tex. App.—Houston [14th Dist.] 1997, pet. denied) (emphasis added). In *Hudson v. Arkansas Louisiana Gas Co.*, which had facts similar to the instant case, a company discovered in 1977 the existence of a pipeline on property that it had bought in 1955. 626 S.W.2d 561, 562 (Tex. App.—Texarkana 1981, writ ref'd n.r.e.). The pipeline had been on the property since 1940. The trial court granted summary judgment in favor of the pipeline

## CONCLUSION

We overrule Pipeline's issue and affirm the judgment of the trial court.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices B. A. Smith and Patterson

Affirmed

Filed:   October 16, 2003

---

company because of a two-year statute of limitations for damages. *Id.* at 563.  The court of appeals reversed and remanded the case because the trial court should have considered the ten-year statute of limitations for takings.