**Opinion issued March 27, 2025**



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

**NO. 01-23-00220-CV**

_____

**CELESTINE IJEOMA JOHNSON AND COLLINS B. JOHNSON,**
**Appellants**

**V.**

**PARKWAY LAKES VILLAGE HOMEOWNERS ASSOCIATION, INC.,**
**Appellee**

---

**On Appeal from the 434th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 18-DCV-256276**

---

**MEMORANDUM OPINION**

This appeal arises from a suit brought by Parkway Lakes Village Homeowners Association to foreclose on a lien on a home within the homeowners' association's residential subdivision. The trial court granted summary judgment in favor of the

homeowners' association, authorizing sale of the home by a sheriff or constable so that the association could recover unpaid assessments, late fees, and attorney's fees incurred in bringing this foreclosure suit.

The homeowners, Celestine Ijeoma Johnson and Collins B. Johnson, appeal from the trial court's summary judgment. They argue that there is a genuine issue of material fact as to their defenses of fraud, estoppel, and unclean hands.

Under well-settled precedent, however, the Johnsons waived their defensive issues by failing to comply with the summary-judgment rule's deadline for responding and filing evidence. In addition, even if they had timely filed their response and evidence, we hold they did not create a genuine issue of material fact with respect to any of these defenses.

We therefore affirm the trial court's judgment.

## BACKGROUND

The homeowners' association alleged the Johnsons were delinquent in the payment of annual assessments for their home and also owed late-payment fees. Under the publicly filed declaration of covenants, conditions, and restrictions for properties within the residential subdivision, the homeowners' association had a lien on the Johnsons' home as a result. The homeowners' association sought to foreclose on the lien and recover its attorney's fees.

The homeowners' association moved for summary judgment. In support, the homeowners' association filed the affidavit of its property manager and several supporting documents, such as the property deed; the association's declaration of covenants, conditions, and restrictions; an itemization of the unpaid annual assessments and late fees from 2013 through 2023; and the billing records of the attorneys the association hired to pursue payment of the assessments and fees.

The homeowners' association set its summary-judgment motion for hearing in early February 2023. The Johnsons did not file any response in the time period prescribed by the rules to respond. Instead, three days before the hearing—*after* the response deadline had lapsed—the Johnsons responded.

In their response, the Johnsons raised numerous defenses. They argued that the homeowners' association had released the lien on their home in February 2021. They also disputed the validity of assessments imposed by the association. Finally, the Johnsons argued that the homeowners' association failed to credit some payments they made from 2018 onward, and that the association turned away their attempts to make partial payments, insisting on payment in full. With that late response, the Johnsons submitted documents as well. These included a February 2021 e-mail from the attorney for the homeowners' association indicating "all debt" would be released with respect to Johnsons personally and the lien had "been

3

released/updated to reflect this fact" as well as an October 2020 order discharging their debts in a federal bankruptcy proceeding.

In March 2023, the trial court rendered a final summary judgment in favor of the homeowners' association. Among other things, the judgment authorized the sale of the home, from which proceeds the association would be paid, subject to the rights of superior lienholders, with any surplus proceeds being paid to the Johnsons.

The Johnsons appeal.

## DISCUSSION

On appeal, the Johnsons contend the homeowners' association obtained the judgment through fraud. Specifically, they maintain that the association had already released its lien and is now estopped from claiming otherwise. In addition, the Johnsons maintain that the association misrepresented the amounts they owe. Moreover, the Johnsons assert that the association has unclean hands, which precludes the entry of a judgment in its favor. Finally, they contend they were not allowed to call the association's property manager as a witness at the summary-judgment hearing, and were thereby denied the chance to show she lacks personal knowledge about the facts stated in her summary-judgment affidavit.

The homeowners' association responds that the Johnsons waived these arguments, including by not timely responding to its summary-judgment motion. They also maintain that they are correct on the merits.

4

## Summary Judgment and Waiver

### *Standard of Review*

We review summary judgments de novo. *Weekly Homes v. Paniagua*, 691 S.W.3d 911, 915 (Tex. 2024). When, as here, the facts material to waiver are undisputed or clearly established, waiver presents a question of law that we also review de novo. *LaLonde v. Gosnell*, 593 S.W.3d 212, 220 (Tex. 2019).

### *Traditional Summary Judgment Motions and Responses*

The law is well settled on summary-judgment requirements and waiver. To start, the movant must file and serve a motion for summary judgment and any supporting evidence at least 21 days before it sets the motion for hearing. TEX. R. CIV. P. 166a(c). In response, absent leave of court, the adverse parties must file and serve their response and any opposing evidence no later than 7 days before the hearing. *Id.* The hearing is not evidentiary in nature; no testimony may be given at the hearing. *Id.*; *MSW Corpus Christi Landfill v. Gulley-Hurst, L.L.C.*, 664 S.W.3d 102, 108 (Tex. 2023) (evidence parties rely on to support their summary-judgment positions must be attached to summary-judgment motion or response).

As the Texas Supreme Court has instructed, in light of the plain language of the summary-judgment rule, we presume the trial court did not consider an untimely filed summary-judgment response unless the record affirmatively indicates that it did. *B.C. v. Steak N Shake Operations*, 598 S.W.3d 256, 259 (Tex. 2020).

5

Affirmative indications of consideration may arise from a separate order addressing the response, a recital in the summary-judgment order, or an oral ruling contained in the reporter's record of the summary-judgment hearing. *Id.* at 259–60.

The law is equally well settled that, when the record does not affirmatively indicate the trial court considered an untimely filed summary-judgment response, this Court does not consider the response or any attached evidence in its review of the summary judgment. *E.g.*, *Benchmark Bank v. Crowder*, 919 S.W.2d 657, 663 (Tex. 1996) (affidavit filed two days before summary-judgment hearing was not part of summary-judgment record); *Speck v. First Evangelical Lutheran Church of Houston*, 235 S.W.3d 811, 815–16 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (affidavits filed six days before summary-judgment hearing were not part of summary-judgment evidence).

Beyond one exception that does not apply here,[1] issues not raised in a timely response are waived unless the trial court grants leave to file an untimely response or otherwise indicates it considered an untimely response. *See* TEX. R. CIV. P.

---

[1] The exception is that an appellant may always assert that the summary-judgment movant did not conclusively establish its right to judgment as a matter of law. *See Waddy v. City of Houston*, 834 S.W.2d 97, 101 (Tex. App.—Houston [1st Dist.] 1992, writ denied) (appellant may only challenge legal sufficiency of summary-judgment evidence if it did not file response). This is so because a nonmovant need not respond unless the movant carries its summary-judgment burden of proof. *Energen Res. Corp. v. Wallace*, 642 S.W.3d 502, 509 (Tex. 2022). A trial court cannot grant traditional summary judgment by default in the absence of a response. *Wheeler v. Green*, 157 S.W.3d 439, 442 (Tex. 2005).

166a(c) (issues not expressly presented to trial court in motion or response cannot serve as a basis for reversal on appeal); *Perez v. Williams*, 474 S.W.3d 408, 416 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (appellate court would not consider late-filed summary-judgment response on appeal because record lacked affirmative indication that trial court had considered it); *Waddy v. City of Houston*, 834 S.W.2d 97, 101 (Tex. App.—Houston [1st Dist.] 1992, writ denied) (appellate court cannot consider late-filed summary-judgment response on appeal when record gives rise to presumption that trial court did not consider response in ruling on motion).

Affirmative defenses must be timely raised in the trial court or they are waived. *MAN Engines & Components v. Shows*, 434 S.W.3d 132, 136 (Tex. 2014).

## Analysis

### *The Johnsons Waived Their Defensive Issues*

In their summary-judgment response, the Johnsons asserted defensive issues, including fraud, release, estoppel, unclean hands, and partial payment. *See* TEX. R. CIV. P. 94 ("fraud," "release," "estoppel," "payment" and "any other matter constituting an avoidance" are affirmative defenses). They did not challenge the legal sufficiency of the evidence relied on by the homeowners' association.

It is undisputed that the Johnsons did not submit evidence in opposition to the homeowners' motion for summary judgment at least seven days before the summary-judgment hearing.  *See* TEX. R. CIV. P. 166a(c). Nor did they seek leave to

7

file a response after the deadline or move for a continuance of the hearing. *See* TEX. R. CIV. P. 166a(g) (authorizing continuance to permit evidence to be obtained); *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 687–88 (Tex. 2002) (nonmovant may obtain leave to file untimely response by showing failure to timely respond was due to accident or mistake and that late response would not result in undue delay or otherwise harm summary-judgment movant).

The record likewise does not contain an affirmative indication that the trial court considered the untimely summary-judgment response or evidence filed by the Johnsons. Because the Johnsons did not seek leave to respond or submit evidence after the deadline, there is not any order addressing this issue. The Johnsons did not request a reporter's record in this appeal; therefore, we cannot examine the summary-judgment hearing for an affirmative indication of consideration.

Finally, the summary-judgment order does not contain a recital indicating that the trial court considered the response or its attached evidence. Instead, the order only recites that there was a hearing, at which both sides presented argument.

Such a barebones recital is not enough to indicate consideration of the response or its attached evidence. Caselaw instructs that a recital in a summary-judgment order that does not refer to the consideration of the papers on file, much less to a response in particular, cannot be construed as an affirmative indication that an untimely response was considered. *Perez*, 474 S.W.3d at 416 (summary-judgment

8

order stating trial court considered motion and evidence was not affirmative indication that court also considered late response). Similarly, a recital that the trial court heard argument at the hearing is not an affirmative indication that the trial court considered an untimely response or evidence. *See Reyes v. Mukerji Law Firm*, No. 01-22-00430-CV, 2024 WL 371102, at *3 (Tex. App.—Houston [1st Dist.] Feb. 1, 2024, no pet.) (order reciting trial court considered motion, response, and argument did not affirmatively indicate that trial court considered late-filed reply or attached evidence).

Thus, under Texas law, the Johnsons waived the defensive issues that they tried to raise via their untimely summary-judgment response and its attached evidence. And because the Johnsons have not challenged the legal sufficiency of the summary-judgment evidence filed by the homeowners' association, this issue is not before us. *See Pike v. Tex. EMC Mgmt.*, 610 S.W.3d 763, 782 (Tex. 2020) (court of appeals cannot reverse judgment based on issue not raised by appellant). As a result, the Johnsons' waiver of their defensive issues disposes of this appeal.

*The Johnsons' Pro Se Status Does Not Negate Waiver*

As they did in the trial court, the Johnsons, who are not lawyers, represent themselves on appeal. While we acknowledge the obstacles that laypeople face in prosecuting or defending lawsuits—and we construe their filings liberally—they are not exempt from procedural rules.

In general, Texas courts evaluate filings made by nonlawyers with liberality and patience. *Goldstein v. Sabatino*, 690 S.W.3d 287, 295 (Tex. 2024). Our liberality and patience extends to the application of procedural rules, including waiver due to the failure to comply with procedural rules, when the application of the rule turns on the litigant's state of mind. *See id.* at 295–96 (holding pro se litigant's failure to file written special appearance did not result in waiver of personal jurisdiction where, consistent with rule's plain language requiring special appearance to be filed before any other pleadings or motions, litigant had not yet made any other filings when he appeared at hearing held by Zoom and raised issue at first opportunity); *see also Li v. Pemberton Park Cmty. Ass'n*, 631 S.W.3d 701, 704–06 (Tex. 2021) (pro se litigant's response to summary-judgment motion as well as her own cross-motion for summary judgment were entitled to liberal construction in terms of whether she made particular argument and thus preserved error as to this issue).

But laypeople who represent themselves in court must comply with procedural rules, as there cannot be two sets of rules, one for litigants represented by lawyers and another for those who represent themselves. *Li*, 631 S.W.3d at 705–06; *accord Goldstein*, 690 S.W.3dat 295 (reiterating that there is only one set of procedural rules for all litigants in Texas courts). Consequently, when nonlawyers fail to satisfy procedural requirements, their failure to do so may result in waiver. *E.g.*, *Burbage v. Burbage*, 447 S.W.3d 249, 256–58 (Tex. 2014) (pro se litigant

failed to preserve error as to jury charge because his objection in the trial court did not adequately apprise court of the nature of the complaint in light of the complaint raised on appeal); *see also Goldstein*, 690 S.W.3d at 295 (explaining that when deciding if pro se litigant waived issue, "the specific facts and circumstances" of the case at hand "are crucial for our analysis").

Here, the Johnsons failed to comply with a deadline requiring a summary-judgment response to be filed "not later than seven days prior to the day of hearing." TEX. R. CIV. P. 166a(c). The summary-judgment rule expresses this requirement in plain and understandable language. The Johnsons did not explain their failure to meet this deadline either in the trial court or on appeal, even though the homeowners' association raised their noncompliance in its appellee's brief. Nor did they ask the trial court for permission for the late filing, seek to continue the hearing, or provide us any record that would enable us to not affirm on this basis. Even assuming the failure to comply with this straightforward summary-judgment deadline could turn on a litigant's state of mind in a given case, nothing suggests that that changes the outcome in this instance. The record is devoid of evidence of accident, mistake, or some other kind of inadvertence that could excuse the untimely response.

On this record, we hold that the Johnsons' status as nonlawyers representing themselves does not alter our waiver analysis. *See Perez*, 474 SW.3d at 416 (noting represented party did not seek leave to file late response, move for a continuance of

11

the summary-judgment hearing, or explain why she did not timely file response in court's analysis as to whether issue was waived); *see also, e.g.*, *Henry v. Vaella*, No. 01-22-00869-CV, 2024 WL 4885438, at *3–5 (Tex. App.—Houston [1st Dist.] Nov. 26, 2024, no pet.) (rejecting contention that pro se litigant did not have to comply with procedural requirements necessary to preserve error with respect to trial court's failure to grant continuance); *Moore v. Carder*, No. 01-22-00156-CV, 2023 WL 3102582, at *3–5 (Tex. App.—Houston [1st Dist.] Apr. 27, 2023, no pet.) (same holding applied to incarcerated pro se inmate).

### *In Any Event, the Johnsons Did Not Create a Genuine Issue of Material Fact*

Even if the Johnsons had not waived their defensive issues, their summary-judgment response and its attached evidence do not create a material fact issue anyway.

Construing the Johnsons' response and evidence with liberality and patience, their primary claim of fraud and estoppel rests on the purported release of the lien. Their evidence shows that, after the Johnsons' debts were discharged in bankruptcy, counsel for the homeowners' association agreed to release them personally and update the lien to reflect this fact. The Johnsons assert that this bars foreclosure. But they misunderstand the law.

Even if the Johnsons are not personally liable due to discharge in bankruptcy or post-bankruptcy release, and thus they cannot be held personally liable in a

12

judgment for money damages, they have not filed any evidence that the homeowners' association released its lien *as to the home*. The association may still bring a suit to compel sale of the home, which remains subject to the lien, under these circumstances. *See Fenlon v. Harris Cnty.*, 569 S.W.3d 783, 796 (Tex. App.—Houston [1st Dist.] 2018, no pet.) (suit to foreclose on real property lien is action in rem that concerns land, not persons); *Glass v. Prcin*, 3 S.W.3d 135, 140 (Tex. App.—Amarillo 1999, pet. denied) (in rem action based on lien encumbering house survives bankruptcy discharge); *Faires v. Billman*, 849 S.W.2d 455, 456 (Tex. App.—Austin 1993, no writ) (bankruptcy discharge relieves debtors from personal liability but does not prevent creditor from enforcing lien via in rem action).

To the extent the Johnsons argue that the homeowners' association committed fraud by misrepresenting the amount they owed in various ways, the only evidence they filed to support this argument consists of a single statement in their joint affidavit: "To the best of our knowledge and understanding we owe Parkway Lakes Association nothing but the association fee of 2022." But this statement is conclusory and thus is not evidence. The Johnsons do not explain how the association mispresented any amount owed or supply any facts that otherwise support this claim of misrepresentation. Conclusory statements of this sort do not defeat summary judgment. *Hamilton v. Wilson*, 249 S.W.3d 425, 427 (Tex. 2008).

Moreover, although they now argue it on appeal, the Johnsons' summary-judgment response did not raise the doctrine of unclean hands as an affirmative defense. This alone bars reversal based on this affirmative defense. *KBG Inv. v. Greenspoint Prop. Owners' Ass'n*, 478 S.W.3d 111, 114 (Tex. App.—Houston [14th Dist.] 2015, no pet.). And beyond that, assuming the doctrine of unclean hands may be used to defeat a lien created by a written instrument, the Johnsons did not submit evidence that the conduct of the homeowners' association harmed them so seriously that the harm cannot be remedied unless the doctrine of unclean hands is applied to bar foreclosure. *See Gripping Eyewear v. Dietz*, No. 01-09-00034-CV, 2010 WL 1948323, at *6 (Tex. App.—Houston [1st Dist.] May 6, 2010, no pet.) (party raising unclean hands must show serious injury arising from adversary's conduct that cannot be corrected without doctrine).

Finally, though the Johnsons complain that they were not allowed to call the property manager for the homeowners' association as a witness at the summary-judgment hearing, witnesses cannot testify at a summary-judgment hearing. TEX. R. CIV. P. 166a(c).

Thus, not only did the Johnsons waive their claims, but even if they had not, they would not have defeated summary judgment.

14

## CONCLUSION

We affirm the trial court's judgment.


Jennifer Caughey
Justice

Panel consists of Justices Guerra, Caughey, and Morgan.

15